WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP

555 FIFTH AVENUE • NEW YORK, N.Y. 10017

TELEPHONE: (212) 984-7700

FACSIMILE: (212) 972-9150

www.wbcsk.com

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08

ROBERT FRYD
DIRECT DIAL: 212-984-7855
EMAIL: RFRYD@WBCSK.COM

March 27, 2008

**BY FAX (212) 805-7949**

Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Witkin v. Witkin-Marcus
      Case No. 08 Civ. 1207 (PKC)

Dear Judge Castel:

[Handwritten endorsement: I will take up Defendant's premotion request at the April 18 conference. Defendant's time to answer or move is extended to a date to be set at the conference. Plaintiff should respond to this letter by April 7. SO ORDERED /s/ P. Kevin Castel, USDJ 3-27-08]

This firm represents Tamari Witkin Marcus, the defendant in the above-referenced action. Pursuant to Rule 2.B.1 of Your Honor's rules, I am writing to request a pre-motion conference, in anticipation of defendant's motion to dismiss or stay this action.

**Background**

This is a lawsuit between two sisters (defendant and her sister, plaintiff Nadine Witkin) who have been embroiled in litigation in New Jersey since June 2006 over the estate of their father (the renowned sculptor Isaac Witkin) and various related matters. See Estate of Isaac Witkin, No. 2006-0940 (N.J. Superior Ct., Burlington Cty.) (Hon. Ronald E. Bookbinder, J.S.C.) (the "New Jersey Proceeding").

In her complaint herein (the "Complaint"), plaintiff asserts four claims for relief -- for defamation, slander of title, tortious interference with contract, and for an accounting and unjust enrichment. Specifically, plaintiff claims that (1) defendant defamed her by allegedly accusing her of having forged their father's signature on certain deeds of gift by which he allegedly gave her certain sculptures, and of having fabricated her assertions that their father gave her certain other sculptures by oral gifts; (2) the same alleged defamation cast doubt on plaintiff's title to the sculptures at issue, and constituted slander of title; (3) the same alleged defamation caused a third party to breach an agreement to convey to plaintiff one of their father's sculptures that he had in his possession; and (4) defendant has allegedly failed to account to plaintiff for profits resulting from her alleged exploitation of the parties' joint copyright in images of their father's works, and has been unjustly enriched by failing to pay plaintiff for certain of their father's sculptures in her possession.

As set forth below, however, this Court lacks personal jurisdiction over the defendant, a Connecticut resident who does not do business in New York, and has not transacted

WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP
555 FIFTH AVENUE • NEW YORK, N.Y. 10017-2456

Hon. P. Kevin Castel         2         March 27, 2008

any business in New York in connection with any of the events at issue herein. In addition, the Complaint fails, for several reasons to be dealt with in defendant's motion, to state any claim upon which relief can be granted. Finally, all of the claims and issues involved herein are subject to determination in the New Jersey Proceeding. Indeed, by order dated December 19, 2007 ("December 2007 Order"), the New Jersey Court enjoined plaintiff from pursuing yet another action she had brought against defendant in October 2007 in the Supreme Court of the State of New York, County of New York (Index No. 113983/07) (the "New York State Action"), based on allegations and legal theories (including defamation and slander of title) virtually identical to those asserted herein. The New Jersey Court expressly held that "the claims sought to be litigated in the New York [State] action stem from claims that have been brought or should have been brought before this Court," and "should be resolved in the matter presently before this Court, rather than a separate action."

Plaintiff's response to this injunction was the filing of this new action in federal court, which, under Donovan v. City of Dallas, 377 U.S. 408 (1964), the New Jersey Court was powerless to enjoin plaintiff from prosecuting. *This* Court, however, can and should prevent plaintiff from succeeding on her second attempt to avoid the New Jersey Court's jurisdiction over estate-related matters, to force defendant to defend an action in a court which lacks jurisdiction over her, and, by doing so, to harass defendant and drain her extremely limited financial resources.

## I. Lack of Personal Jurisdiction

As plaintiff well knows, defendant is a resident of Connecticut, and works solely in Connecticut as a self-employed children's piano instructor. She does not, and did not at any time relevant to the events alleged in the Complaint, (a) own or operate any business in the State of New York, (b) perform any services in the State of New York or have any customers (pupils) in the State of New York, (c) enter into or perform any contracts in the State of New York, (d) own, use or possess any real or personal property in the State of New York, (e) lease or maintain any office, residence or place of business in the State of New York, (f) employ any personnel in the State of New York, (g) manufacture, purchase, or sell any goods in, from, or to the State of New York, (h) maintain any bank account in the State of New York, (i) have a New York State telephone number or listing, or (j) pay any income tax or real property taxes in the State of New York.

Despite defendant's obvious lack of any contacts with the State of New York, plaintiff alleges, in paragraph 7 of her complaint, that the Court has personal jurisdiction over defendant under Section 302 of New York's Civil Practice Law and Rules ("CPLR"). However, specific jurisdiction under CPLR 302(a) cannot attach unless a defendant has committed a New York-related act that falls within the purview of the conduct described in CPLR 302(a)(1)-(4), and the cause of action arises from such act. McGowan v. Smith, 52 N.Y.2d 268, 272-273, 437 N.Y.S.2d 643, 645 (1981). None of plaintiff's claims satisfies the requirements of any of the subsections of CPLR 302(a).

**Tort Claims** The issue of specific personal jurisdiction over defendant with respect to plaintiff's first three claims for relief (for defamation, slander of title, and tortious interference), all of which sound in tort, is governed by CPLR 302(a)(2) and CPLR 302(a)(3). CPLR 302(a)(2) provides for specific jurisdiction over a defendant who "commits a tortious act <u>within</u> the state, **except as to a cause of action for defamation of character arising from the act.**" (Emphasis supplied.) Accordingly, there can be no personal jurisdiction over defendant pursuant to CPLR

WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP
555 FIFTH AVENUE • NEW YORK, N.Y. 10017-2456

Hon. P. Kevin Castel        3        March 27, 2008

302(a)(2) with respect to plaintiff's first claim (for defamation of character) because such causes of action are expressly excluded from the scope of CPLR 302(a)(2). See, e.g., Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996).

Jurisdiction over defendant with respect to plaintiff's second claim (for slander of title) and her third claim (for tortious interference) also cannot be premised upon CPLR 302(a)(2) because both claims are expressly based on the very same purportedly defamatory statements alleged in the first claim (see Complaint ¶¶ 30, 36), and the statutory exclusion of defamation claims from CPLR 302(a)(2) therefore applies to these claims as well, regardless of how they are labeled. See Cantor Fitzgerald, supra, 88 F.3d at 157, ruling that specific jurisdiction could not be exercised over defendant under CPLR 302(a)(2) or (a)(3) with respect to claims for injurious falsehood and tortious interference with prospective economic advantage, any more than for claims expressly labeled as defamation claims. In language equally applicable herein, the Second Circuit held that those claims "do not independently establish jurisdiction under [CPLR 302(a)(2) or (a)(3)] because the entire complaint sounds in defamation. All of plaintiffs' claims are based upon [defendant's] alleged defamatory statements," and plaintiffs "may not evade the statutory exception by recasting their cause of action as something other than defamation." (Emphasis supplied.) In any event, plaintiff does not (and cannot) allege that defendant committed any of the alleged tortious acts while physically present in New York, a prerequisite to the exercise of jurisdiction under CPLR 302(a)(2). Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999).

CPLR 302(a)(3) provides for specific jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property within the state, **except as to a cause of action for defamation of character arising from the act.**" (Emphasis supplied.) Even then, personal jurisdiction may be exercised only if the defendant:

> i. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> ii. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . . .

Thus, by the express exclusion of defamation claims from the scope of CPLR 302(a)(3), personal jurisdiction over defendant with respect to plaintiff's first claim, for defamation, cannot be based on that section. And, under the express holding of Cantor Fitzgerald, supra, 88 F.3d at 157, CPLR 302(a)(2) and (a)(3) exclude from their scope not only causes of action expressly labeled as defamation, but also causes of action *sounding* in defamation, such as plaintiff's claims for slander of title and tortious interference with contract, both of which are based exclusively on the defamation alleged in the first cause of action.

In addition, plaintiff has failed to allege and could not satisfy either of the additional requirements of CPLR 302(a)(3), i.e., the requirements that defendant be engaged in a regular course of business in New York or derive substantial revenues from transactions in New York or from interstate commerce. See, e.g., Balaban v. Wescott, 1996 WL 599722 at *4 (E.D.N.Y. 1996). As noted above, defendant is a self-employed children's piano instructor who works entirely in Connecticut. She does not regularly (or, indeed, ever) solicit business or engage in any other

WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP
555 FIFTH AVENUE • NEW YORK. N.Y. 10017-2456

Hon. P. Kevin Castel      4      March 27, 2008

persistent course of conduct in New York, or derive substantial (or any) revenue from goods used or consumed or services rendered in New York. CPLR 302(a)(3)(i). Similarly, she does not derive substantial (or any) revenue from interstate or international commerce. CPLR 302(a)(3)(ii).

In short, there is plainly no personal jurisdiction over defendant under CPLR 302(a) with respect to any of plaintiff's first three claims, sounding in tort.

**Non-Tort Claim** With respect to claims not arising from alleged "tortious acts," CPLR 302(a)(1) provides for jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state," as to a cause of action arising from such transaction of business. However, as noted in Moscato v. Tie Technologies, Inc., 2005 WL146806 at *2 (S.D.N.Y. 2005), a court "may not subject the defendant to jurisdiction based on random, fortuitous, or attenuated contacts."

Here, in an apparent attempt to bring her fourth claim (for unjust enrichment and an accounting) within the scope of CPLR 302(a)(1), plaintiff alleges that "[t]o the extent the claims in this action sound in contract," defendant "has transacted business in New York concerning those contracts, and those contracts were entered into and performed largely in New York." (Complaint ¶ 7.) However, plaintiff's Complaint asserts no breach of contract claims. As set forth above, her first three claims (defamation, slander of title, and tortious interference with contract) clearly sound in tort. The fourth is a combined claim alleging unjust enrichment and seeking an accounting, based on defendant's alleged failure to pay for sculptures she acquired from plaintiff and her alleged exploitation of a jointly-owned copyright. Even if this claim could be deemed to sound in contract, there would be no basis for exercising "transaction of business" jurisdiction over defendant with respect to that claim, because defendant's alleged obligations to pay for the sculptures and account for her exploitation of the copyright had nothing to do with New York. Defendant had no negotiations and entered into no agreements in New York regarding the ownership of, or payment for, such sculptures. To the contrary, defendant's purchase of the sculptures was part of a settlement agreement entered into in the New Jersey Action in May 2007, an agreement which was negotiated and executed, and "so ordered" by the New Jersey Court, entirely in the State of New Jersey.

Nor could defendant's purported duty to account to plaintiff for any proceeds from her exploitation of the parties' alleged joint copyright in the "visual images" of their father's work and his diaries (Complaint ¶ 18) subject defendant to transactional jurisdiction in New York: again, none of the images or diaries was or is located in New York, and defendant has done nothing in New York to exploit such works or derive financial gains from such alleged exploitation.

In short, there is no basis for the exercise of personal jurisdiction over defendant pursuant to CPLR 302(a)(1), even if plaintiff's last claim were deemed to sound in contract.

In sum, the Complaint fails to make (and could not make) a prima facie case that this Court may assert personal jurisdiction over defendant with respect to any of plaintiff's claims, pursuant to any provision of CPLR 302(a).

WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP
555 FIFTH AVENUE • NEW YORK, N.Y. 10017-2456

Hon. P. Kevin Castel           5           March 27, 2008

## II. Dismissal and/or Stay in Favor of Pending First-Filed Action Raising Identical Issues

Principles of judicial economy and comity mandate that when a dispute gives rise to two different actions involving substantially the same parties and issues, the second action should be dismissed or stayed in favor of the first-filed action, absent special circumstances. Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991).

Applying this rule, and in the interests of judicial economy and avoiding the possibility of inconsistent judgments, it is clear that this action should be dismissed, or at least stayed, in deference to the New Jersey Proceeding commenced in June 2006 -- 19 months before the commencement of this action. As briefly summarized below, both parties to this action are parties to the New Jersey Proceeding, and the claims raised in this case are entirely encompassed by the matters at issue in the New Jersey Proceeding. Indeed, in its December 2007 Order enjoining plaintiff from pursuing the prior New York State Action (see p. 2 above), the New Jersey Court, after careful analysis of plaintiff's complaint in that prior action (which asserted claims virtually identical to those asserted in the Complaint herein, and others), has already ruled that the issues in this case are subject to determination by that Court.

Thus, the first two causes of action in the Complaint, for defamation and slander of title, are exactly the same as the fifth and fourth causes of action, respectively, that plaintiff asserted in the prior New York State Action -- both of which the New Jersey Court analyzed in the December 2007 Order, and both of which the Court ruled were already part of the New Jersey Proceeding, and have already been resolved or "should be resolved" in that proceeding. Specifically, the substantive issues underlying the defamation and slander of title claims, as well as the third claim for tortious interference (including the question of whether certain deeds of gift were forged) were raised in the New Jersey Proceeding in 2006, and the New Jersey Court entered an order in February 2007 providing for discovery and handwriting analysis with respect to those deeds. Moreover, Judge Bookbinder entered a Consent Order on May 11, 2007 (including a Release between the parties), specifically covering the disputed deeds of gift. Even apart from the December 2007 Order, then, it is clear that the first three claims in the Complaint are encompassed by the New Jersey Proceeding, and that the New Jersey Court is best equipped to determine the meaning, scope, and effect of its own May 2007 Order, and to determine all claims relating to that Order.

The fourth claim in the Complaint (unjust enrichment/accounting) is also encompassed by the first-filed New Jersey Proceeding. As noted above, the unjust enrichment claim arises from defendant's purchase of certain sculptures as part of the May 2007 Consent Order -- again, part of the New Jersey Proceeding, to be construed and applied by the New Jersey Court. With respect to the accounting claim, Judge Bookbinder made clear in his December 2007 Order that the rights to and disposition of any slides, notes and documents belonging to the Estate -- i.e., the same visual images and documents that are the subject of plaintiff's accounting claim -- are matters pending before the New Jersey Court, which will hold a management conference to set out, and ultimately determine, these and other remaining issues pending before the Court.

Respectfully,

Robert Fryd
Robert Fryd

cc:     John R. Cahill, Esq. (by fax)